STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-060
SKS- KEN-3/9/2001

KEVIN RITZI,

Petitioner

v.

DECISION ON APPEAL

MAINE UNEMPLOYMENT
INSURANCE COMMISSION
and EPEC PROFESSIONALS
LLC,

Respondents

This matter comes before the court on appeal by petitioner Ritzi from a decision of the Unemployment Insurance Commission (Commission) dated July 28, 2000. Pursuant to that decision, a majority of the Commission found that Ritzi was discharged by his employer, EPEC Professionals (EPEC), for misconduct connected with his work and in connection with his employment, and that he was not entitled to unemployment benefits for the period in question. The court has fully examined the record and the arguments presented by the petitioner, appearing pro se, and counsel for the Commission and EPEC. The appeal will be denied.

The factual background of Ritzi's discharge is extensively examined in the Commission's decision and will not be repeated here. Ritzi does not dispute the Commission's basic findings, rather he contests the Commission's analysis of those facts under the law and their ultimate finding of discharge for misconduct. Briefly stated, Ritzi was hired by EPEC to perform certain work in support of the work of the

1

firm's engineers and designers. Although Ritzi was granted some flexibility in his hours because of family needs, he was required to perform a certain amount of work and be available as necessary for consultation with the engineers and designers. When Ritzi's attendance became a problem for EPEC, he was counseled and warned concerning his attendance. The culminating event occurred when Ritzi failed to appear at work for two days, leaving only a voice mail message that his absence was because of an incident involving a serious assault. Ritzi made no further effort to contact or explain his absence to EPEC until EPEC contacted him on the third day to advise Ritzi that he was terminated.

The task of the appeal court is to determine whether there was any competent evidence of record to support the Commission's findings and whether the Commission correctly applied the law. *McPherson v. Maine Unemployment Ins. Comm.*, 1998 ME 177, ¶ 6, 714 A.2d 818, 820. The court does not make its own independent determination of the issues, rather it determines whether there was a sufficient basis for the decision made by the Commission.

As noted above, there is no dispute as to the primary facts of this matter. However, there are different methods of assessing those facts, as demonstrated by the dissenting opinion of one of the Commissioners. Ritzi invites the court to adopt the rationale of the dissenting Commissioner and overturn the decision of the majority. However, the court finds a sufficient basis in the record for the majority's findings and sufficient rationale in its application of the law to uphold the majority's final decision. The majority did not err in concluding that Ritzi's

2

extended absence from work, despite previous warnings and counseling, constituted a pattern of irresponsible behavior and disregard for the employer's material interests justifying discharge for misconduct within the meaning of 26 M.R.S.A. §§ 1043(23), 1193(1), and 1221.

The court also concludes that the majority of the Commission did not err in concluding that although Ritzi apparently left work in response to a domestic dispute involving his daughter and his girlfriend, this conduct was not within the exception contained in 26 M.R.S.A. § 1043(23)(B)(3).

For the foregoing reasons, the entry will be:

Appeal DENIED.

Dated: March 9, 2001

S. Kirk Studstrup
Justice, Superior Court

3

Date Filed  8/28/00            Kennebec            Docket No.  AP00-60
                               County

Action  Petition for Review                         J. STUDSTRUP
        (Unemployment Insurance Comm.)


Kevin M. Ritzi                    VS.  EPEC Professional,LLC (Unemployment Ins.
                                                                      Comm.)
Plaintiff's Attorney                   Defendant's Attorney

Kevin M. Ritzi, Pro Se                 - Pamela W. Waite, AAG
9 Old County Lane                        Elizabeth J. Wyman, AAG
Readfield, Maine 04355                   6 State House Station
                                         Augusta, Maine  04333-0006

                                       -C.H. Spurling, Esq.   (E-Pro)
                                        Two Church St
                                        Gardiner Maine  04345

| Date of Entry | |
|---|---|
| 8/28/00 | Petition for Review of Decision by Unemployment Insurance Commission dated July 28, 2000, No. 00-C-02841, filed. s/Ritzi, Pro Se |
| 9/12/00 | Letter entering appearance, filed. s/Waite, AAG |
| 10/2/00 | Certification of Record, filed. s/Waite, AAG. Notice of briefing schedule mailed to atty and Pro Se Pltf. |
| 11/8/00 | Petitioner's Brief with attached exhibits "A"-"E", filed. s/Ritzi. |
| 12/6/00 | Motion for Extension of Time for Filing of Briefs, filed. s/Spurling, Esq. Proposed Order, filed. |
| 12/11/00 | Petitioner's Motion in Opposition to Respondents' Motion for Extension of Rime for Filing of Briefs, filed. s/Ritzi, Pro Se   (filed 12/8/00) |
| 12/11/00 | Brief of Respondent Maine Unemployment Insurance Commission, filed. s/Waite, AAG. |
| 12/12/00 | Brief of Defendant, E-Pro LLP, filed. s/Spurling, Esq. |
| 12/13/00 | ORDER, Studstrup, J. Copies mailed to attys and Pltf. |
| 12/15/00 | Copy of letter from attorney Waite to attorney Spurling regarding record. |
| 12/19/00 | Petitioner's Reply to Brief of respondent Maine Unemployment Commission, filed. s/Ritzi, Pro Se |
| 1/2/01 | Motion for Continuance of Oral Argument, filed. s/Waite,AAG Proposed Order, filed. |
| 1/3/01 | ORDER ON MOTION TO CONTINUE, Studstrup, J. Oral argument scheduled for January 5, 2001 is continued to the next available motion day. Copies mailed to attys of record.and Pro Se Pltf. |